UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA

GILBERT BRYAN,

        Plaintiff,

v.

LENDMARK FINANCIAL
SERVICES LLC,

        Defendant.

Case No. 5:26-cv-00103-BO-RJ

**DEFENDANT LENDMARK FINANCIAL SERVICES, LLC'S MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

COMES NOW, Defendant Lendmark Financial Services, LLC ("Lendmark" or "Defendant"), by and through its undersigned counsel, and files this Memorandum in support of its Motion to Dismiss the Complaint filed by Plaintiff Gilbert Bryan ("Plaintiff") pursuant to Federal Rule of Civil Procedure 12(b)(6), states:

## I.    INTRODUCTION

The crux of Plaintiff's dispute with Lendmark is a perfectly legal and rote happening: Plaintiff requested financing from Lendmark for the purchase of a vehicle in October 2025, and Lendmark properly denied that request. Full stop.

By filing this lawsuit, however, Plaintiff seeks to somehow turn Lendmark's rudimentary and conforming action into a pay day. Indeed, Plaintiff has filed a nonsensical complaint alleging that he has somehow been harmed by Lendmark's possession of the data Plaintiff provided to apply for the loan—data that Lendmark is required to retain under federal law. To be clear: Plaintiff contacted Lendmark to apply for a loan to purchase a vehicle. Lendmark processed the application,

1

denied said application based on the information found in Plaintiff's TransUnion credit report, and sent Plaintiff the required Adverse Action Notice. Now, Plaintiff seeks damages against Lendmark for the retention of the application information voluntarily initiated and submitted to Lendmark by Plaintiff, for which Lendmark is legally required to retain. Plaintiff also claims that Lendmark was unjustly enriched by Plaintiff providing this information to Lendmark in conjunction with his application for financing, and that he received no benefit because his application was denied.

Further, without any factual support or providing a copy of the Adverse Action Notice sent by Lendmark, Plaintiff alleges that it was insufficient. However, the Adverse Action Notice complied with the requirements of the Fair Credit Reporting Act ("FCRA") and the Equal Credit Opportunity Act ("ECOA"). (*See* Adverse Action Notice attached hereto as **Exhibit A**.)[1] Plaintiff also claims that he sent Lendmark a letter regarding the Adverse Action Notice to which Lendmark did not respond. This is false. (*See* Plaintiff's letter and Lendmark's Response attached hereto as **Exhibit B** and **Exhibit C**). Finally, without any factual allegations that Lendmark has "disseminated" the application information, Plaintiff claims injunctive relief is necessary to prevent "further use or dissemination" of the application information. Plaintiff's utter failure to support his claims with facts or plead the elements of any causes of action require the dismissal of Plaintiff's complaint pursuant to Rule 12(b)(6).

## II.     FACTUAL BACKGROUND

---

[1] The Adverse Action Notice, Plaintiff's "complaint" to Lendmark, and Lendmark's response are not attached to Plaintiff's Complaint; however, the Court may consider these documents in determining this Motion to Dismiss because these documents are "integral to and explicitly relied on in the complaint". *American Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004); *see also Phillips v. LCI Intern, Inc.*, 190 F.3d 609, 618 (4th Cir. 1999).

1.      On or about October 9, 2025, Plaintiff contacted Lendmark seeking financing for the purchase of a vehicle. Plaintiff provided Lendmark the information to complete the application over the telephone to determine if Lendmark would extend credit to Plaintiff for the purchase.

2.      Lendmark reviewed Plaintiff's application and credit report, and sent Plaintiff an Adverse Action Notice, which advised Plaintiff that his application for credit was denied, informed him of the reasons for the denial, the name of the credit bureau (or credit reporting agency) whose report on which Lendmark relied in making the adverse determination, the credit score reported by the bureau (along with the required score range information), the key factors that adversely affected Plaintiff's credit score, directed Plaintiff to the credit reporting agency with any questions regarding the stated credit score, that Plaintiff could receive a free copy of his credit report through the reporting agency that provided the report relied upon, and other required disclosures. (*See* **Ex. A**).

3.      Though the Adverse Action Notice provided this information to Plaintiff, on November 7, 2025, Lendmark received a letter from Plaintiff referring to himself as "Gilbert: Family of Bryan, Agent for Principal GILBERT BRYAN, and Beneficiary Without Prejudice" and addressed to "Ted: Family of Owen, Branch Manager" and "David: Family of Neaves Chief Financial Officer"—hallmarks of a sovereign citizen litigant. (*See* **Ex. B**). The letter purported to be a "Notice of Claim to Interest and Formal Request for Disclosure" and requested the information upon which Lendmark made its credit decision—which was provided in in the Adverse Action Letter, which Plaintiff acknowledged in his letter. (*Id.*). True to form for a

3

Case 5:26-cv-00103-BO-RJ     Document 6     Filed 02/27/26     Page 3 of 10

sovereign citizen litigant, the letter ended by requiring a response within an arbitrary short period of time or dire consequences or "acquiescence" would occur.[2] (*Id.*).

3. Plaintiff filed his Complaint in the Superior Court of Cumberland County, North Carolina on January 20, 2026, under Civil Action Number 26CV000868-250. (D.E. 1-1, pp. 2–8).

4. Lendmark removed the matter to this Court on February 20, 2026. (D.E. 1).

### III. LEGAL STANDARD

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to the relief" and "a demand for the relief sought." FED. R. CIV. P. 8. Rule 8 "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[O]nce a pro se litigant is in court, []he is subject to the relevant law and rules of the court, including the Federal Rules of Civil Procedure." *French v. M&T Bank*, 315 F.R.D. 695, 696 (N.D. Ga. 2016) (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989); *accord Washington v. Dep't of Children & Families*, 256 Fed. App'x 326, 327 (11th Cir. 2007) ("Although courts liberally construe pro se pleadings, the litigant is still required to conform to procedural rules, and the court is not required to rewrite a deficient pleading.").

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint and authorizes the dismissal of a complaint when there has been a failure to state a claim upon which relief can be granted. To survive a motion to dismiss, a complaint must be pled in such a fashion to show a plaintiff's entitlement to relief. This "requires more than labels and conclusions[.]" *Twombly*, 550

---

[2] *Santiago v. Century 21/PHH Mortgage*, 2013 WL 1281776, *1, n.3, 1:12-cv-02791 (N.D. Ala. Mar. 27, 2013) ("The court recognizes the use of 'affidavits' and other pseudo-legal documents that purport to require some responses within a specified time or face 'legal consequences' of the author's own making. Such tactics do not create valid legal documents.")

U.S. at 555. A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face," and must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). There must be "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. In assessing the sufficiency of a claim, a court accepts all well-pleaded allegations as true and draws all reasonable inferences in plaintiff's favor. However, a plaintiff must plausibly allege all the elements of the claim for relief. Conclusory allegations and legal conclusions are insufficient—the plaintiff must "state a claim to relief that is plausible on its face." *Katti v. Arden*, 161 F.4th 217, 224 (4th Cir. 2025) (citing *Twombly*, 550 U.S. at 570); *accord Davis v. BSI Financial Services, Inc.*, 633 Fed. Appx. 837 (4th Cir. 2016).

## IV. ARGUMENT AND CITATION OF AUTHORITY

**A. Plaintiff's Complaint Fails to Allege Facts Sufficient to State a Claim to Relief That Is Plausible on its Face.**

Plaintiff, who has filed nine (9) other lawsuits in the last two (2) years[3], has filed a Complaint against Lendmark so devoid of facts that it fails to state a claim for relief that is plausible on its face. Plaintiff's chief complaints are that Lendmark's Adverse Action Notice was not sufficiently detailed and that Lendmark is enriched by its statutory obligation to retain the

---

[3] Since February of 2024, Plaintiff has filed eight (8) other lawsuits in the Superior Court of Cumberland County against apparent creditors or credit reporting agencies and one (1) other lawsuit in the United States District Court for the Eastern District of North Carolina. *See Bryan v. Capital One Bank (USA), N.A.*, 5:25-cv-00780-FL-RJ; *Bryan v. American Express*, 24CVD001010-250; *Bryan v. Charter Communications*, 24CVD001414-250; *Bryan v. Barclays Bank*, 24CVD001735-250; *Bryan v. Navy Federal Credit Union*, 24CVD02484-250; *Bryan v. Fayetteville Public Works*, 24CVS001133-250; *Bryan v. Equifax*, 25CV010847-250; *Bryan v. Experian*, 25CV011094-250; and *Bryan v. TransUnion*, 25CV011291-250. Pursuant to Federal Rule of Evidence 201, the Court can take judicial notice of public records, including pleadings filed in other lawsuits I federal or state courts, which are matters "generally known within the trial court's territorial jurisdiction" or "can be accurately or readily determined from sources whose accuracy cannot be reasonably questioned." FED. R. EVID. 201(b).

5

application information. The question of whether Lendmark's Adverse Action Notice was sufficient is governed by the Equal Credit Opportunity Act §701 ("ECOA"), 15 U.S.C. §1691 and Regulation B promulgated by the Consumer Financial Protection Bureau at 12 C.F.R. §1002.12(b)(1), and the FCRA, 15 U.S.C. §1681m. Plaintiff further claims that he sent a request to Lendmark because the Adverse Action Notice was so lacking, to which Lendmark failed to respond.

The ECOA provides that within thirty (30) days of a credit application (or longer under certain circumstances or for certain classes of credit transactions), the creditor is to notify the credit applicant of its action on the application submitted. *See* 15 U.S.C. § 1691(d)(1). If the creditor takes adverse action against the application, the applicant is entitled to a statement containing the reasons for the adverse action. One option is for the creditor, as Lendmark did here, to provide the applicant with a statement containing the reasons for the adverse action in writing. *Id*, at (d)(2)(A). The FCRA provides that a credit user who takes adverse action based on information contained in a consumer report shall provide as relevant here:

- "oral, written, or electronic notice of the adverse action to the consumer;"

- disclosure of the numerical credit score used in taking the adverse action, including the range of credit scores under the model used;

- the information of the credit reporting agency from which the credit report was obtained;

- the key factors adversely affecting the credit score;

- notice that the credit reporting agency did not make the adverse decision and cannot provide the consumer with the reasons for the adverse decision;

- notice of the right to obtain a free copy of the consumer's credit report from the reporting agency; and,

- notice of the right to dispute with a consumer reporting agency the information in the credit report furnished by the agency.

6

*See* 15 U.S.C. § 1681m(a). Plaintiff's Complaint is devoid of any facts or allegations which, if true, would indicate that the Adverse Action Notice failed to include any of the required information. Nor did Plaintiff attach a copy of the Adverse Action Notice to the Complaint. In fact, the Adverse Action Notice complied with the requirements of both the ECOA and the FCRA, clearly providing the reasons for the adverse action. (*See* **Ex. A**).

Plaintiff remarks about Lendmark's retention of the application information, including that Lendmark is somehow unjustly enriched by this legal requirement to retain the application information. Again, Plaintiff fails to allege any facts which would plausibly demonstrate that Plaintiff receives any benefit from the obligation to retain the application information, or that it benefitted from processing an application for a loan that was denied. Regulation 12 C.F.R. § 1002.12(b) requires a creditor to retain applications for credit and related documents, including the documents used to make the credit decision, and any adverse action notice. Plaintiff's claims that Lendmark is improperly retaining the application information or is unjustly enriched by retaining such information is controverted by Lendmark's duty to retain application information under Regulation B, the implementing Regulation for the ECOA. However, such a claim is nonsensical, and Plaintiff has alleged no facts in support of this claim. Therefore, Lendmark's Motion to Dismiss should be granted.

Although Plaintiff employs certain buzzwords and legal jargon, he cannot articulate any valid theory of relief against Lendmark. Instead, the Complaint appears to be asserting frivolous theories espoused by sovereign citizen ideology, employing legal fictions, such as the split persona or strawman entity, in an attempt to pursue frivolous litigation against Lendmark. The use of unusual words and phrases, full capitalization of names, and referring to oneself as their agent, executor, or trustee are hallmarks of a sovereign citizen litigant. "Sovereign citizen" is a term used

to describe an individual utilizing practices described by the FBI as "paper terrorism" often to delay resolution of debt collection or cases against them and espousing bizarre legal theories in the legal process. *Parkway v. Korzen*, 2012 IL App (1st) 130380, ¶1. "Some people might classify those who engage in these tactics as 'sovereign citizens,' but regardless of the nomenclature, their methods are not only counterproductive, but detrimental to the efficient and fair administration of justice." *Id*. "Proponents of the sovereign citizen and/or redemption theory believe that when a person's name is spelled with initial capital letters and small letters, it represents the 'real person' and whenever a person's name is written in total capitals, on a 'strawman' or separate entity is referenced, and the flesh and blood person is not involved." *Bendeck v. U.S. Bank Nat'l Ass'n*., No. 17-CV-00180-JMS-RLP, 2017 WL 2726692, at *6 (D. Haw. June 23, 2017) (internal quotations omitted).

     Finally, Plaintiff claims that he sent Lendmark a letter to which Lendmark did not respond, which he claims entitles him to relief. However, Plaintiff's claims are untrue. In this letter, Plaintiff claimed the information in the Adverse Action Notice was insufficient. However, as demonstrated above, the Adverse Action Notice complied with relevant statutory requirements, thus provided Plaintiff with the information to which he was entitled. *See* **Ex. B**. Furthermore, Plaintiff's request was a sovereign citizen notice, wherein Plaintiff attempts to name himself his own agent and power of attorney and seeks the information that was provided to him in the Adverse Action Notice. (*Id.*). Lendmark did respond to Plaintiff's sovereign citizen letter advising him that the information sought was provided in the Adverse Action Notice. *See* **Ex. C**. Plaintiff's correspondence was nothing more than an attempt to create a dispute where none existed. Plaintiff's Complaint articulates no factual or legal basis for a claim against Lendmark based on the sovereign citizen letter. As such, Plaintiff's claims must be dismissed.

## V. CONCLUSION

Plaintiff's Complaint offers vague and nonsensical allegations against Lendmark for essentially taking, and then denying Plaintiff's application for an automobile loan, and complying with its legal requirements to retain application information. Simply because Lendmark considered Plaintiff for a loan and complied with the law in doing so, Plaintiff seeks damages from Lendmark in a Complaint that fails to allege any facts whatsoever to support the purported claims. Based on the foregoing, Plaintiff's Complaint should be dismissed with prejudice and Lendmark should be granted its attorneys' fees and costs for defending itself against Plaintiff's frivolous claims.

WHEREFORE, Defendant Lendmark Financial Services, LLC prays this Honorable Court dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6) with prejudice and grant Lendmark its attorneys' fees and costs for defending itself against Plaintiff's frivolous Complaint.

Dated: February 27, 2026.

HOLLAND & KNIGHT LLP

By: */s/ Nishma Patel*
Nishma Patel N.C. Bar No. 50922
1120 S. Tryon Street, Suite 900
Charlotte, North Carolina 28203
Phone 980.215.7797
Fax 980.215.7771
nishma.patel@hklaw.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on February 27, 2026, I electronically filed the foregoing document with the Clerk of the Court CM/ECF. I also certify that the foregoing document is being served this day on all parties of record via transmission of Notices of Electronic Filing generated by CM/ECF, and also via U.S. First Class Mail and email addressed to:

Gilbert Bryan
5506 Dodge Drive
Fayetteville, NC 28314
Gbryan115@gmail.com

                                                */s/ Nishma Patel*
                                                Nishma Patel
                                                *Counsel for Defendant*