FILED

MAR 30 2026

PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY_____ DEP CLK

### IN THE UNITED STATES DISTRICT COURT FOR THE
### EASTERN DISTRICT OF NORTH CAROLINA

GILBERT BRYAN )
)
Plaintiff )
)
v. )
) **Civil Action No.:** 5:26-cv-00103-BO
)
)
)
LENDMARK FINANCIAL )
SERVICES, LLC, )
)
Defendant )

## PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO REMAND

### I. INTRODUCTION

1. Defendant's Response confirms that removal rests entirely on reframing Plaintiff's state-law claims as federal ones. But the well-pleaded complaint rule forbids exactly that.

2. Plaintiff's claims do not arise under federal law, do not require resolution of federal statutes, and do not present a substantial federal issue.

### II. DEFENDANT MISCHARACTERIZES PLAINTIFF'S CLAIMS

3. Defendant repeatedly asserts that Plaintiff's claims are "governed by" the FCRA and ECOA. That is incorrect.

4. Plaintiff does not seek a determination of compliance with federal statutes. Instead, Plaintiff seeks:

- An accounting of Defendant's use of Plaintiff's information;

- Equitable relief to prevent continued unauthorized use;

1

- Recovery for benefits unjustly retained.

5. These are traditional state-law equitable claims.

6. Any reference to federal statutes merely reflects industry standards and does not transform the claims into federal causes of action.

## III. PLAINTIFF'S CLAIMS DO NOT NECESSARILY RAISE A FEDERAL ISSUE

7. Under Grable, federal jurisdiction exists only where a federal issue is necessarily raised.

8. Defendant fails this requirement.

9. Plaintiff's claims can be resolved by determining:

- whether Defendant retained and used Plaintiff's information;

- whether such retention confers a benefit;

- whether equity requires disclosure or restitution.

10. None of these require interpretation of federal law.

11. Defendant's assertion that federal statutes "govern" these issues improperly conflates regulatory background with necessary elements of the claims.

12. As Defendant itself acknowledges, federal jurisdiction does not arise where federal law merely "lurks in the background."

13. That is precisely the case here.

## IV. DEFENDANT FAILS THE "ACTUALLY DISPUTED" AND "SUBSTANTIAL" PRONGS

14. There is no actually disputed Federal Issue.

15. The dispute is not about the meaning of FCRA or ECOA.

16. The dispute is about the Defendant's conduct, the Defendant's retention and use of data and the Defendant's refusal to provide an accounting.

17. These are factual and equitable issues under state law.

2

18. There is no Substantial Federal Issue.

19. Defendant is correct in arguing that this case affects federal regulatory schemes.

20. This case is fact-bound and situation-specific, not a challenge to federal law itself.

21. Unlike Grable, this case does not involve the validity of a federal statute, affect federal enforcement operations nor create binding precedent on federal law.

22. At most it presents a background reference to federal standards, which is insufficient under Gunn v. Minton.

## V. DEFENDANT'S "ARTFUL PLEADING" THEORY FAILS

23. Plaintiff is the master of the Complaint.

24. Plaintiff deliberately chose not to assert federal causes of action.

25. Defendant's argument asks this Court to rewrite the Plaintiff's Complaint to create jurisdiction, which is impermissible.

## VI. FEDERAL JURISDICTION WOULD DISRUPT THE STATE–FEDERAL BALANCE

26. Defendant's position would federalize any case involving lending, credit decisions and/or consumer data.

27. That is not the law.

28. State courts routinely adjudicate cases involving unjust enrichment, accounting and injunctive relief even where federal regulations exist in the background.

## VII. CONCLUSION

29. Defendant has not met its burden to establish federal jurisdiction.

30. Plaintiff's claims arise solely under state law, do not necessarily raise a federal issue, and do not satisfy the Grable test.

3

31. This Court lacks subject-matter jurisdiction.

32. Plaintiff respectfully requests that this action be remanded to the Superior Court of

Cumberland County.

Respectfully submitted,

Date: March 30, 2026.

Gilbert Bryan
Plaintiff, Pro Se
5506 Dodge Drive
Fayetteville, NC 28314
gbryan115@gmail.com
(910) 257-7828